Slade, Admx., Appellant, *v.* Rookwood Oil Terminals, Inc., Appellee.

(No. 8486—Decided March 9, 1959.)

*Messrs. Hoover, Beall & Eichel,* for appellant.
*Messrs. Pogue, Helmholz, Culbertson & French,* for appellee.

Long, J. This is an appeal on questions of law in an action for alleged wrongful death of plaintiff's decedent, Samuel Slade. Decedent was a passenger in an automobile which was stopped at Tennessee Avenue and Paddock Road in Cincinnati in response to a traffic light. A truck of defendant, which was out of control, ran into the rear of said automobile, occasioning injuries to decedent, as a result of which the plaintiff claims decedent ultimately died. The accident occurred on December 12, 1952, and the decedent died April 9, 1956, some three years later. There is no dispute as to some of the facts in the case. It is admitted that for some time prior to his death decedent suffered from epileptic seizures. It seems that, following the accident, the decedent suffered more frequent attacks which were more severe in nature, and it is claimed by plaintiff that the attacks occurring after the accident were of a different kind, denominated by the medical profession as "traumatic epilepsy." Both in its brief and in oral argument, defendant says that the case was tried *not* on the theory of aggravation of the pre-

existing epilepsy but on the theory that the decedent suffered from an epilepsy entirely different in its nature from that which he suffered prior to the accident; and that the new condition resulted proximately from the injuries caused by the accident and resulted in decedent's death. The jury returned a verdict in favor of defendant, and plaintiff claims various errors.

Of all the claimed errors in this cause, it seems necessary only that the general charge of the court requires attention.

In the brief of defendant it is specifically stated that ''the case was tried on the theory that 'Samuel Slade died as the result of the effect of a seizure of epilepsy that was traumatic in its nature, in its cause and in its inception and entirely separate and distinct from some seizures of an entirely different nature from which he had suffered before the accident.' '' This is an incorrect statement in the light of the evidence and special charge No. 2.

In oral argument, counsel for defendant, upon inquiry from the bench, again stated that the sole issue in the case did not involve acceleration of the previous epileptic condition but was based on plaintiff's theory that a new and different epilepsy, to wit, a traumatic epilepsy altogether different from that which decedent suffered before his accident, was the proximate cause of his injuries and subsequent death.

Let us now look at the general charge of the court. In this charge, the trial court used this language: ''It is the claim of the plaintiff that the injury received by Samuel Slade on December 12, 1952, aggravated his pre-existing epileptic condition and directly and proximately caused him to die sooner than he otherwise would have died.''

Also, in the general charge, we find this language:

''If you find by a preponderance of all the evidence that Samuel Slade died while suffering an epileptic seizure or from any other cause and that the injuries he received December 12, did not directly *accelerate* or cause his death, then your verdict will be for the defendant.''

There is no question that, if, according to the contentions of both counsel in this court, aggravation or acceleration of the previous epilepsy was not an issue in the case, and if the sole question was whether the injuries created a new and different type of epilepsy from which decedent died, then the court's

general charge would be erroneous. However, Dr. Fabing testified as follows: "Well, if I may be medical a moment, I think that the concept here is one that we use all the time; *it's one of aggravation.* I mean this is a man who had a condition * * *."

Again, special charge No. 2, requested by plaintiff and given by the court, is as follows:

"If you find by a preponderance of the evidence that the wrongful act of the defendant, Rookwood Oil Terminals, Inc., was the proximate cause of the death of Samuel Slade, Jr., either by directly causing the condition which caused his death *or by proximately causing the aggravation of some condition that existed at the time of such wrongful act,* so as to cause his death, then in either such event, your verdict must be for Mary Slade as the administratrix of Samuel Slade, Jr."

It is perfectly clear to this court that, without Dr. Fabing's testimony, plaintiff's request for charge No. 2 and the giving thereof by the court specifically injected into the case the issue of *"aggravation."* This being so, how can plaintiff complain of an error, for the commission of which counsel opened the door? The error was self-induced, and plaintiff can not now complain.

As we find no other errors in the record prejudicial to appellant, the judgment of the Court of Common Pleas of Hamilton County is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., and O'CONNELL, J., concur.